IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH EUGENE SPEIGHT, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 08-41 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| FRANCISCO J. QUINTANA, | ) | **Chief Magistrate Judge Baxter** |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

**II.     REPORT**

On December 23, 1997, the United States District Court for the District of Connecticut sentenced Petitioner to a 105-month term of imprisonment with a three-year term of supervised release to follow for his conviction of "Felon in Possession of a Firearm" in violation of 18 U.S.C. § 922(g), and a concurrent 60-month term of imprisonment with a three-year term of supervised release for "Possession of a Firearm with Obliterated Serial Number," in violation of 18 U.S.C. § 922(k).  On May 29, 2002, Petitioner was sentenced to a consecutive 72-month term of imprisonment with a three-year term of supervised release for "Conspiracy to Commit Mail Fraud," "Mail Fraud," and "Conspiracy to Injure Officers of the State" in violation of 18 U.S.C. §§ 371, 1341, and 372 respectively. Petitioner's first sentence, imposed in December 1997, expired on May 18, 2004.  Petitioner's projected release date for his second sentence, imposed in May 2002, is September 16, 2008.

In February 2008, Petitioner was incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean").  He commenced the instant action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenged his Residential Re-entry

Center ("RRC")[1] placement by the Federal Bureau of Prisons ("BOP"). Specifically, Petitioner argued that the BOP did not properly consider the factors set forth in 18 U.S.C. § 3621(b) (as amended by the Second Chance Act of 2007 (effective April 9, 2008)) when determining his RRC placement prior to his release date. According to Petitioner, his recommended RRC placement of 30-60 days was based solely on the fact that he was allegedly improperly placed on "refuse" status under the BOP's Inmate Financial Responsibility Program ("IFRP"). As relief, Petitioner sought an order from this Court vacating his IFRP "refuse" status and compelling Respondent to make an appropriate determination of his RRC placement considering the provisions set forth in the statute.[2]

The records department at FCI-McKean has confirmed to the Court that on July 16, 2008, the BOP designated Petitioner to an RRC and released him from incarceration. Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Williams v. Sherman, 214 Fed.Appx. 264 (3d Cir. 2007); Hinton v. Miner, 138 Fed.Appx. 484 (3d Cir. 2005). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief,

---

[1] RRCs were previously known as Community Corrections Centers and are commonly referred to as halfway houses.

[2] At the time Petitioner commenced this action, he still was exhausting his administrative remedies with respect to the claim raised in his petition. On April 23, 2008, Administrator Harrell Watts denied Petitioner's administrative appeal to the BOP's Office of General Counsel. (Docket No. 16, Ex. G).

2

the case must be dismissed as moot.  See e.g., Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); see also 13A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.")

Because Petitioner has been released from incarceration to an RRC, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation.  See Spencer, 523 U.S. at 7.  Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.[3]

---

[3] When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury, (2) that is "likely" to be redressed by the court's decision.  See e.g. Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477).  Courts often will presume that a *wrongful conviction* has collateral consequences that likely can be remedied by a favorable decision from a habeas court.  Id.  However, in cases such as the instant case, were a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds.  Id.; see also United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999).

3

**III.    CONCLUSION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


Dated:  September 23, 2008                          /s/ Susan Paradise Baxter
                                                             SUSAN PARADISE BAXTER
                                                             Chief U.S. Magistrate Judge

cc:     counsel of record and

       Kenneth Eugene Speight
       c/o Watkinson House
       136 Collins Street
       Hartford, CT 06105